IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DANIEL BULLOCK,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No.: MJM-22-2831 |
| v. | * | |
| | * | |
| **NICE GUYS LLC, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * *

## MEMORANDUM ORDER

Daniel Bullock ("Plaintiff") brings this civil action against Peter D. Jean Jacques and Nice Guys LLC, alleging negligence in connection with a motor vehicle collision. ECF No. 2 (Compl.). This matter before the Court is on Jean Jacques's Motion to Dismiss (the "Motion"). ECF No. 22. The Motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Motion shall be construed as a motion to quash service and shall be GRANTED.

I.  BACKGROUND

On February 15, 2021, Plaintiff was in his parked car at a location on Chemical Road in Baltimore, Maryland. Compl. ¶ 6. Jean Jacques, while driving a commercial semi-tractor trailer owned by his employer, Nice Guys, reversed into the right side of Plaintiff's car. *Id.* Plaintiff was injured in the collision and there was damage to his vehicle. *Id.* ¶¶ 6–8, 12.

On September 21, 2022, Plaintiff filed a Complaint in the Circuit Court of Maryland for Baltimore City against Jean Jacques and Nice Guys seeking compensatory damages for the accident. *Id.* ¶ 6. He sued Jean Jacques for negligent driving (Count I) and Nice Guys for negligent

1

hiring, training, and supervision (Count II). *Id.* ¶¶ 17, 21. Nice Guys filed an Answer, ECF No. 3, and a Motion to Dismiss Count II, ECF No. 4, and removed the case from state court to the U.S. District for the District of Maryland on November 2, 2022, ECF No. 1. On March 27, 2023, the Court granted Nice Guys's Motion to Dismiss and dismissed Count II. ECF No. 13.

Plaintiff has since attempted to serve Jean Jacques, with great difficulty. *See* ECF No. 17 (Second Motion for Alternative Service). Plaintiff tried to reach Jean Jacques by Certified Mail, but the mailing was returned as undeliverable. *Id.* ¶ 3. On January 14, 2023, Plaintiff sent a process server to a residential address in Boynton Beach, Florida believed to be associated with Jean Jacques, but the family living at the home told the server that, while they have received mail in Jean Jacques's name, they did not know him. *Id.* ¶¶ 4–6. On January 19, 2023, Plaintiff sent another process server to a separate address in Lauderdale Lakes, Florida believed to be associated with Jean Jacque (the "Fort Lauderdale Address"), but the resident said Jean Jacques did not live there and was unknown to him. *Id.* ¶¶ 8–9.

On February 27, 2023, Plaintiff filed a Motion for Alternative Service, ECF No. 11, which the Court denied without prejudice, ECF No. 12. On August 23, 2023, Plaintiff filed a second Motion for Alternative Service, ECF No. 17, which the Court also denied without prejudice, ECF No. 18.

On January 31, 2024, Plaintiff submitted to the Court the affidavit of a process server stating that Jean Jacques was served on November 22, 2023, when an adult identified as "Jane Doe" was served at the Fort Lauderdale Address. ECF No. 21 (Affidavit of Process Server). On February 16, 2024, Jean Jacques, through Attorney James Hetzel, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for improper service of process ("the Motion"). ECF No.

22. Plaintiff filed a Response in Opposition to the Motion, ECF No. 24, to which Defendant Jean Jacques filed a Reply in Support, ECF No. 25.

## II.   STANDARD OF REVIEW

When a defendant moves to dismiss for improper service pursuant to Fed. R. Civ. P. 12(b)(5), "the plaintiff bears the burden of proving adequate service[.]" *Parrish v. Leithman*, Civ. No. JKB-23-0342, 2024 WL 1621205, at *2 (D. Md. Apr. 15, 2024) (quoting *Scott v. Md. State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016)). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 [of the Federal Rules of Civil Procedure] liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). The "plain requirements for the means of effecting service of process," however, "may not be ignored.[]" *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (citations omitted).

## III.   ANALYSIS

Plaintiff claims that service was proper under Fed. R. Civ. P. 4(e)(2)(b) because an individual over the age of eighteen was served at Jean Jacques's last known residence. ECF No. 21; ECF No. 24-1 at 9. He also claims that Jean Jacques has actual knowledge of the lawsuit because Plaintiff's counsel called him and informed him of the lawsuit on February 29, 2024. *Id.* at 10. Plaintiff makes a separate argument that Attorney Hetzel does not have an attorney-client relationship with Jean Jacques and therefore lacks the authority to file a motion to dismiss on his behalf. *Id.* at 7–9.

### A.   Service by Process Server

The Federal Rules of Civil Procedure provide that:

3

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The Maryland and Florida Rules provide the same. *See* Md. Rule 2-121(a); Fla. Rule 48.031(1)(a).

Here, in November 2023, Plaintiff attempted to effectuate service of process on Jean Jacques by sending a process server to deliver a copy of the summons to Jane Doe, a complete stranger, *see* ECF No. 21, at an address that Plaintiff had already informed the Court was not Jean Jacques's address, *see* ECF No. 17, ¶ 8; ECF No. 17-5 (Investigative Due Diligence Affidavit) ("Upon my arrival, I spoke to the current resident, who identified himself as Serge Thear. He stated [Jean Jacques] does not live at this address and is unknown here."). This attempt at service was not in compliance with Fed. R. Civ. P. 4(e) because the Fort Lauderdale Address was not Jean Jacques's "dwelling or usual place of abode," and there is no indication that Jane Doe is or was Jean Jacques's agent.

Thus, service of process on Jean Jacque was not proper.

4

B.  <u>Telephone Contact Between Jean Jacques and Plaintiff's Counsel</u>

Plaintiff argues that Jean Jacques has actual notice of the lawsuit because Plaintiff's counsel contacted Jean Jacques over the phone on February 29, 2024, to discuss the lawsuit with him. ECF No. 24-1 at 10–11.

Under the actual notice rule, where the service of process—even if improper—gave notice to the defendant of the pending action, the court may construe the Federal Rules more liberally and exercise jurisdiction over the defendant. *See O'Meara*, 464 F. Supp. 2d at 476 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir.1963)). The actual notice rule only applies to notice given by the service of process itself, however, *see, e.g., Ensminger v. Towson Univ.*, Civ. No. JRR-22-2998, 2024 WL 449296, at *2 (D. Md. Feb. 5, 2024); *Mulsanne Mgmt., LLC v. Tshimanga*, Civ. No. GJH-16-1821, 2017 WL 2104954, at *2 (D. Md. May 11, 2017), and there is no indication here that Jean Jacques was ever served or otherwise received a copy of the summons and complaint. To exercise jurisdiction under these circumstances would be to ignore the "plain requirements for the means of effecting service of process[.]" *Armco, Inc.*, 733 F.2d at 1089. Accordingly, the Court rejects the application of the actual notice rule in this case.

C.  <u>Jean Jacques's Attorney Client Relationship</u>

Plaintiff contends that the Court should disregard the Motion because Attorney Hetzel lacks an attorney-client relationship with Jean Jacques. ECF No. 24-1 at 7–9.

Attorney Hetzel was retained for Jean Jacques by Nice Guys's insurance provider. ECF No. 25 at 2. It is common for insurance providers to agree contractually to provide legal representation for policyholders in the case of a lawsuit due to an accident. *See* Restatement (Third) of Law Governing Lawyers § 134 cmt. f. ("It is clear in an insurance situation that a lawyer designated to defend the insured has a client-lawyer relationship with the insured."). The Court

does not find any impropriety in Attorney Hetzel's representation of Jean Jacques in this matter or filing of a motion to dismiss on Jean Jacques's behalf.

### D. Construing the Motion to Dismiss as a Motion to Quash Service

Insufficient service of process does not require dismissal, however. Where "the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (quoting *Bailey v. Boilermakers Local 667 of Int'l Brotherhood of Boilermakers*, 480 F. Supp. 274, 278 (N.D.W. Va. 1979)). Where "there is no prejudice to the defendant and 'there exists a reasonable prospect that service may yet be obtained,' dismissal is inappropriate and courts have generally allowed the plaintiff another opportunity to effect service." *Lynch v. U.S. Pharmacopeial Convention*, Civ. No. PX-21-0119, 2021 WL 2139336, at *2 (D. Md. May 26, 2021) (quoting *Grant v. Prince George's Cnty. Dep't*, Civ. No. DKC 15-2433, 2016 WL 3541239, at *4 (D. Md. June 29, 2016)). Nonetheless, courts "retain[] broad discretion to either quash service or dismiss the complaint." *Id.* at *2.

The Court has declined to dismiss complaints under similar circumstances, instead quashing service and permitting the case to remain on the docket. *See, e.g.*, *Parrish v. Leithman*, Civ. No. JKB-23-0342, 2023 WL 7195198, at *2 (D. Md. Nov. 1, 2023) (declining to dismiss the complaint under Rule 12(b)(5) where the process server served a Jane Doe at an address where the defendant did not live, instead quashing service and giving plaintiff another opportunity to serve the defendant). Here, Jean Jacques has not argued that he would be prejudiced if the Court declines to dismiss the Complaint, and there remains a reasonable possibility that Plaintiff may effect proper

service in the near future. Accordingly, service will be quashed but the Court will not dismiss the claim against Jean Jacques at this juncture.

## IV.    CONCLUSION

For the foregoing reasons, Jean Jacques's Motion to Dismiss is construed as a motion to quash service, and it is hereby GRANTED. Plaintiff will have forty-five (45) days from the date of this Memorandum Order to effect proper service on Jean Jacques and submit proof of service to the Court.

| | |
|---|---|
| 7/31/24 | /S/ |
| Date | Matthew J. Maddox<br>United States District Judge |